IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| vs. | : No: 1:09CR408 |
| | : |
| TUAN MINH NGUYEN | : Honorable Anthony Trenga |
| | : Sentencing date: May 7, 2010 @ 9:00 am |
| Defendant. | : |

### POSITION ON SENTENCING

COMES NOW, Tuan Minh Nguyen, by and through counsel, Daniel T. Lopez an Pursuant to Rule 32 of the Federal Rules of Criminal Procedure, Section 6A1.3 of the United States Sentencing Guidelines ("the Guidelines" or "U.S.S.G."), and this Court's Policy Regarding Procedures to be Followed in Sentencing, the defendant, Tuan Minh Nguyen, through counsel, states that he has received and reviewed the Presentence Investigation Report ("PSR") prepared in this case and submits the following corrections, objections, and argument.

### FACTUAL CORRECTIONS

Mr. Nguyen has no factual corrections to the PSR. Mr. Nguyen asserts that he did not participate in the robbery listed in paragraph numbers 21 and 23 and 29.

### OBJECTIONS TO THE SENTENCING GUIDELINES COMPUTATIONS

Mr. Lam has no objections to the Guidelines computation contained in the PSR.

### PROCEDURAL AND LEGAL BACKGROUND

On January 21, 2010, Mr. Lam pled guilty to (1) one count of conspiracy to affect commerce by robbery, in violation 18 U.S.C. § 1951, a Class C felony, and (2) one count of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) and 2, a Class A felony. The maximum penalties for Count 1 are a term of imprisonment of twenty (20)

years, a fine of $250,000, restitution, a special assessment 4 and three (3) years of supervised release. The maximum penalties for Count 2 are a mandatory minimum (consecutive) term of imprisonment of seven (7) years, a maximum term of life imprisonment, a fine of $250,000, restitution, a special assessment, and five (5) years of supervised release. The PSR indicates that the advisory Guidelines range for Count I is 37-47 months and a minimum of 84 months for count II.

      After *Gall v. United States*, 128 S. Ct. 586 (2007), the Guidelines are truly advisory. Rejecting the government's argument that sentences significantly outside the advisory Guidelines range should be subject to exacting scrutiny on appeal, the Supreme Court in *Gall* stressed that "the Guidelines are only one of the factors to be considered when imposing sentence . . . ." *Id*. at 602. As the Court explained, the advisory Guidelines sentencing range is only "the starting point and the initial benchmark" from which sentencing courts should begin to make their sentencing determinations. *Id*. at 596. In addition to the advisory Guidelines range, courts must consider the six other (co-equal) sentencing factors enumerated in 18 U.S.C. § 3553(a) in determining the appropriate sentence in each case. *See United States v. Booker*, 543 U.S. 220, 259-60 (2005). The overriding principle and basic mandate of Section 3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth therein. Upon consideration of the § 3553(a) factors, and the "sufficient but not greater than necessary" requirement, a sentencing court may find that a case falls outside the "heartland" contemplated by the Guidelines, or that "the Guidelines sentence itself fails properly to reflect § 3553(a) considerations," or that "the case warrants a different sentence regardless." *Rita v. United States*, 551 U.S. 338, 351 (2007). While the district court must begin its analysis by correctly calculating the advisory Guidelines range, the district court is

then free, in light of the other statutory sentencing factors, to impose an entirely different sentence. Under Rita a court is free simply to disagree, based on the Section 3553(a) factors, with the Guidelines' "rough approximation" of the appropriate sentence for any given case. *Id*. at 350. Further the Sentencing Guidelines cannot be used to substitute for the sentencing court's discretion based on the sentencing factors in Section 3553(a).

## **SENTENCING ARGUMENT**

I.      A Sentence Of No More Than 98 Months Is Sufficient To Satisfy The Statutory Purposes Of Sentencing Under 18 U.S.C. § 3553(a).

Mr. Nguyen respectfully submits that no more than a 98-month sentence is sufficient to promote the purposes of sentencing set forth in 18 U.S.C. § 3553. Section 3553 requires that the Court consider a range of factors, including (a) the nature and circumstances of the offense, (b) the history and characteristics of the defendant, and (c) the four purposes of sentencing set forth in section 3553(a)(2).

**A. Nature and Circumstances of the Offense**

In the present case, Mr. Nguyen admitted to and pleaded guilty to committing two robberies. These robberies occurred in the homes of the victims who were members of the Asian business community. The individuals were bound while the house was searched for case and valuable personable property. Mr. Nguyen requests that the court consider several aspects of the offense conduct. After gaining entrance in the houses the defendants did not threaten to kill the victims or threaten harm in order to force the victims to tell them the location of the valuable. The defendants did not beat or shoot the victims in order to force them to comply with the defendant's demands once inside the house. In fact, on one occasion one of the co-defendants ran from the house when confronted by the occupants. ¶ 25 of the PSR. Further, the defendants did not linger in the house committing further acts of violence against the victims until

something of value was located.  Mr. Nguyen has agreed to make restitution in this case and has supplied a check in the amount of one thousand dollars (1000.00) to tender to the court.

### B. History and Characteristics of Mr. Nguyen

Mr. Nguyen has not been involved in prior criminal conduct.  Indeed prior to the criminal conduct that led to his fall, he was an industrious and well educated young man.  He was born in Vietnam and received an education in his home town.  He received further education in Poland and in the United States.  Although, his education abroad did not present immediate employment opportunities in the United States, he was able to secure employment in the home and commercial construction trade. Mr. Nguyen has consistently been employed since his arrival in the United States.  He would assert that his participation in these robberies continued for a period of two years, and that he ceased this criminal conduct because his conscience began bother him.  Mr. Nguyen acknowledges that he had a good upbringing with law abiding parents.  He is ashamed of his behavior and continues to express deep remorse for his actions.  The court should be aware that although Mr. Nguyen was the second to plead guilty, he was the first to accept the government's offer to cooperate in the prosecution of these offenses.

During his incarceration Mr. Nguyen's wife gave birth to their first child on September 12, 2009.  He has not had the opportunity to hold his daughter, and he regrets that she will spend the first years of her life with a father in her daily life.

Mr. Nguyen recognized that he has disappointed his wife, daughter and parents by involving himself in this criminal activity.  He is further cognizant that his behavior is a reflection of the choices he has made.  He does not attempt to place the blame for his criminal conduct on anyone or anything.

### C. The Section 3553 factors.

Section 3553(a) requires that district courts impose a sentence that is "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in § 3553(a)(2): retribution (to reflect the seriousness of the offense, to promote respect for the law, and to provide "just punishment"); deterrence; incapacitation ("to protect the public from further crimes"); and rehabilitation ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment").

Mr. Nguyen submits that a sentence of 98 months adequately reflects the seriousness of the offense. Mr. Nguyen was an active participant of conduct of a period of two years and during the entirety of the conspiracy he did cause physical harm to the victims. The sentence removes Mr. Nguyen from the community for a period of 98 months thus providing adequate protection from his further criminal conduct. However, the court should consider that Mr. Nguyen terminated his involvement in these crimes based on his nagging conscience and he did not involve himself in additional criminal conduct unrelated to these events. Further, he provided the government with detailed information assisting in the prosecution of the co-defendants and possibly other unnamed co-conspirators. Additionally, Mr. Nguyen will be removed from the United States as an aggravated felon when his sentence is served. In other words, he will never again be a member of the community.

Mr. Nguyen may benefit from any available educational or behavioral program that the Bureau of Prisons can provide him during his incarceration. Mr. Nguyen asserts that while he must be punished for his role in these offenses and his criminal conduct he asserts that a lengthy stay in prison is not needed for purposes of rehabilitation. Prior to his incarceration in May 2009

Mr. Nguyen never spent one day in jail. This experience has forever altered his perception of himself and has reinforced the values and mores that his parents instilled in his a child.

## CONCLUSION

For the reasons stated above Mr. Nguyen respectfully requests that the court sentence him to a sentence of no more than 98 months in the Bureau of Prisons. He also requests that the court give him credit for the time that he spent incarcerated in St. Mary's County Maryland from on or about May 27, 2009 until August 29, 2009. He further request that the court recommend that he serve his sentence in a facility close to his wife in Maryland.

Respectfully submitted,

TUAN MINH NGUYEN
By Counsel

_____/s/_____
Daniel T. Lopez
VA BAR 40345
Attorney for TUAN MINH NGUYEN
Brigilia Hundley Nuttall & Kay, PC
1921 Gallows Road, #750
Vienna, VA 22182
Office 703-883-0880
fax 703-883-0899
dlopez@bhnklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2010 I will electronically file the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

| | |
|---|---|
| Kimberly Riley Pedersen, Esq | Kenneth P. Troccoli, 27177 |
| Assistant U.S. Attorney | Assistant Federal Public Defender |
| 2100 Jamieson Avenue | 1650 King Street, Suite 500 |
| Alexandria , Virginia 22314 | Alexandria, Virginia 22314 |
| (703) 299-3700 | (703) 600-0870 (telephone) |
| Kimberly.Riley.Pedersen@usdoj.gov | (703) 600-0880 (fax) |
| | Kenneth_Troccoli@fd.org (e-mail) |

Juan Ever Milanes, Esq.
Law Offices of Juan E. Milanes, PLLC
1831 Wiehle Avenue, Suite 105
Reston, Virginia 20190
(703) 880-4881
Ecf.milaneslaw@gmail.com

Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the foregoing pleading will be delivered to Chambers within one business day of the electronic filing. A courtesy copy will also be delivered by inter-office mail to Senior U.S. Probation Officer Mary Beth Simpson, Third Floor, 401 Courthouse Square, Alexandria, Virginia.

/

_____/s/_____
Daniel T. Lopez
VA BAR 40345
Attorney for TUAN MINH NGUYEN
Brigilia Hundley Nuttall & Kay, PC
1921 Gallows Road, #750
Vienna, VA 22182
Office 703-883-0880
fax 703-883-0899
dlopez@bhnklaw.com